SAMUEL, Judge.
Plaintiff was the lessor and defendant the lessee of certain immovable property in the Parish of Jefferson. On August 27, 1973 plaintiff sold and delivered the property to another corporation, Sha, Inc. There is no evidence, and no suggestion, that plaintiff retained any interest in the lease to the defendant. On the eleventh day thereafter, September 7, 1973, plaintiff filed this suit alleging the defendant had failed to pay rent for the two preceding monthly rental periods and seeking the issuance of a writ of sequestration on all movables in the leased premises by virtue of its lessor’s privilege, judgment for the alleged unpaid rent, and' further judgment maintaining the writ of sequestration and recognizing plaintiff’s privilege on the property sequestered.
The day the suit was filed a writ of sequestration was issued as prayed and a seizure made thereunder. Defendant then filed a rule seeking dissolution of the writ, damages and attorney’s fees. After hearing the rule and a plaintiff motion for summary judgment, the trial court denied the rule. On defendant’s application we granted a writ of certiorari for the purpose of determining the validity of that part of the judgment which denied the rule to dissolve. That is the only matter before us at this time.
The lessor’s right on movables in the leased premises has its origin in Civil Code Article 2705, which in pertinent part reads:
“The lessor has, for the payment of his rent, and other obligations of the lAse, a right of pledge on the movable effects of the lessee, which are found on *881 the property leased.” LSA-C.C. Art. 2705.
Pledge is a contract by which one debtor gives something to his creditor as a security for his debt.[1] There are two kinds of pledge, one of which, pawn, occurs when a movable thing is given as security.[2] With respect to the pawn of corporeal things, the creditor must be put in possession of the thing given in pledge by actual delivery thereof unless he has possession of it already by some other right.[3] As we understand the codal articles, the above quoted Article 2705 permits the substitution of the lessor’s possession as lessor for the actual creditor possession required by C.C. Art. 3152. We note that Article 2705 gives the right of pledge only to the lessor and then only on the movable effects which are found on the leased property. As our predecessor court said in Bistes v. Checker Cab Co., La.App., 126 So. 712, insofar as our present consideration is concerned, there appears to be no distinction between removing the movables from the leased premises and the lessor removing himself from the movables.
Defendant relies on Bistes. That case held that in a contest between a seizing judgment creditor and a subsequent seizing landlord the former would prevail where the landlord had sold the property prior to his seizure. Plaintiff attempts to distinguish Bistes on the ground it involved a contest between two creditors rather than, as here, a contest between litigants who formerly had been lessor and lessee, and because in Bistes the seizing landlord acted some 17 days after the sale of the property while here the plaintiff seizure was made in less than 15 days after the sale.
The first attempted distinction appears to us to be immaterial. The primary question presented in both cases is whether the landlord had a right to seize under his lessor’s privilege and both cases present the possible problem of a present and a former lessor simultaneously having the right to invoke the same privilege on the same property.
Nor are we impressed by the second attempted distinction. Civil Code Article 2709, upon which plaintiff relies, does provide, in pertinent part
“In the exercise of this right, the lessor may seize the objects subject to his privilege before the lessee removes them from the leased premises, or within fifteen days after they have been removed by the lessee without the consent of the lessor, if they continue to be the property of the lessee, and can be identified.” LSA-C.C. Art. 2709.
It is true that in Bistes seizure was made by the landlord after the expiration of the 15 day period and the question here presented was not actually before the court in that case. However, because of the possession requirement we have mentioned above, the lessor’s right of pledge applies only to movable effects actually on the leased premises. Article 2709 is an exception to that requirement. Placed in the code for the benefit of the lessor, it gives him the lessor’s privilege on the lessee’s movables for the stated time following their removal from the leased premises if, and only if, they have been removed by the lessee without the consent of the lessor. That condition has not been met in the instant case. The property has not been removed from the premises. Rather, it is the lessor which, by voluntarily removing itself from the property, did not have the necessary substitute possession at the time it at *882 tempted to exercise its former privilege. Article 2709 is inapplicable.
For the reasons assigned, the writ of certiorari is made peremptory, that portion of the trial court judgment which denied the defendant’s rule to dissolve the writ of sequestration is reversed, the writ of sequestration herein issued is set aside, and the matter is remanded to the trial court solely for the purpose of determining and adjudicating the amount of damages and/or attorney’s fees to which the defendant is entitled; all costs of this appeal and all costs of the hearing on remand are to be paid by plaintiff, The Gastel Corporation.
Writ made preemptory; reversed and remanded.

. LSA-C.C. Art. 3133.

. LSA-C.C. Arts. 3134 and 3135.

. LSA-C.C. Arts. 3152 and 3153, which provide :
“It is essential to the contract of pledge that the creditor be put in possession of the thing given to him in pledge, and consequently that actual delivery of it be made to him, unless he has possession of it already by some other right.” LSA-C.C. Art. 3152.
“But this delivery is only necessary with respect to corporeal things; as to incorporeal rights, such as credits, which are given in pledge, the delivery is merely fictitious and symbolical.” LSA-C.C. Art. 3153.