FORET, Judge.
George L. Bartmess (Plaintiff) brought this action to recover rent allegedly owed him by defendants, Bernard Enterprises, Inc. and Elton J. Bernard, Sr., for the use and possession of a particular tract of land. Plaintiff, to aid in enforcing his claim, caused a writ of sequestration to issue ordering the Sheriff of Avoyelles Parish to seize a crop of soybeans, grown by defendants on the tract of land, which was stored in a facility owned by Midstate Grain Elevator, Inc. The soybeans were seized pursuant to that writ. Defendants reconvened against plaintiff, seeking damages and attorney’s fees, alleging that the writ of sequestration had been wrongfully issued.
Trial of plaintiff’s main demand, and defendant’s reconventional demand, resulted in a judgment ordering defendants to pay plaintiff $144,884.20 as rent for the tract of land[1]. The trial court also found that a portion of defendants’ property had been wrongfully seized and awarded defendants $10,585.70 for damages and attorney’s fees against plaintiff.
Defendants appeal suspensively from the trial court’s judgment and raise the following issues:
(1) Whether the trial court committed manifest error in finding that only a portion of defendants’ property had been wrongfully seized;
(2) Whether the trial court committed manifest error in awarding defendants $10,585.70 in damages and attorney’s fees for wrongful seizure.
Plaintiff has answered the appeal seeking a reduction in the trial court’s award to defendants.
FACTS
Plaintiff and defendants entered into an “agreement of sale” on February 4,1980, by which defendants agreed to purchase a certain tract of land from plaintiff, provided that plaintiff could obtain the ownership of that land, on which he had an option and had been given possession of by a third party. In the event that plaintiff was unable to obtain the ownership of the land, the agreement provided that defendants would have possession of it through December 31, 1980, for $86.00 per acre. The tract of land, situated in Avoyelles Parish, was later determined to contain 1,684.7 acres. Defendants cultivated the land during the time they possessed it, raising a crop of soybeans thereon.
Plaintiff instituted this action on January 6, 1981, alleging: that he had entered into an agreement with defendants giving them possession of the above mentioned tract of land; that defendants had agreed to pay him $86.00 per acre for the possession and use of the tract of land from the date of the agreement until December 31, 1980; that defendants had failed to pay him anything as required by the agreement; that defendants had farmed the land and raised a crop of soybeans that was now stored with Mid-state Grain Elevator, Inc. at Mansura; that he had a lessor’s privilege on defendants’ crop to secure payment of the money due him as rent for the tract of land; and, that he was entitled to the issuance of a writ of sequestration to enforce his lessor’s privilege without furnishing security therefor. The trial court ordered the issuance of a writ of sequestration as requested by plaintiff and the soybeans were seized on January 13, 1981.
Defendants filed an answer and recon-ventional demand in which they admitted most of the pertinent facts contained in plaintiff’s original petition, except that they owed plaintiff $86.00 per acre for only 924.1 acres of land. Defendants then assumed the position of plaintiffs-in-reconvention alleging: that they had 48,000 bushels of soybeans stored at the Midstate Grain Elevator, some of which had been produced on *361 lands other than those leased from plaintiff; that because of plaintiff’s seizure of the soybeans, they had been unable to sell them; that their inability to sell their soybeans had necessitated the making of certain loans to enable them to continue their operations and had caused them to become delinquent on certain debts, causing them to incur additional interest on those debts; that during the time that their soybeans were under seizure, the price of soybeans fell, causing them to derive less income from the sale of their soybeans than they otherwise would have; that plaintiff’s seizure of their soybeans was wrongful and illegal; and, that plaintiff was liable to them in the amount of $250,000 in damages, together with attorney’s fees, for the wrongful and illegal seizure.
Defendants filed a rule to show cause [2] on March 24, 1981, alleging that by order of the trial court dated January 7, 1981, plaintiff had obtained a writ of sequestration and had seized “the proceeds of the crop from the property described in item 2”[3] of plaintiff’s petition. Defendants further alleged that the writ had been wrongfully and illegally issued for the following reasons:
(a) — the “proceeds of the crop from the property” were not movable effects of the lessee which are or were found upon the property leased and, therefore, are not subject to the right of pledge defined in LSA-C.C. Articles 2705, et seq;
(b) — the soybeans seized cannot be identified as property of the lessee removed from the leased premises, those soybeans having been comingled with other soybeans also stored in the Midstate Grain Elevator; and
(c) — the soybeans were removed from the leased premises, with the consent of the lessor, more than 15 days prior to the seizure.
For those reasons, defendants averred that plaintiff had no lessor’s privilege on their crop and, thus, was not entitled to a writ of sequestration ordering the seizure of that crop. In the alternative, defendants alleged that the seizure was grossly excessive and should be reduced.
A hearing on defendants’ rule to show cause was held on April 8, 1981, and resulted in a judgment ordering a reduction in the amount of soybeans to be held under seizure to 24,000 bushels, and that all amounts of defendants’ soybeans held in excess of that be released to them. Apparently the issue of damages and attorney’s fees to be awarded defendants because of the excessive seizure was referred to the trial on the merits. After the trial on the merits, defendants were awarded $9,085.70 in damages and attorney’s fees of $1,500.00 for wrongful seizure. However, the trial court refused to dissolve the seizure of the 24,000 bushels of soybeans stored at Mid-state Grain Elevator and rendered judgment perpetuating the writ of sequestration. Defendants were finally forced to furnish a bond in the sum of $165,000 before those soybeans were released to them on September 4, 1981.
ALLEGED WRONGFUL SEIZURE
The sole ground[4] set forth in plaintiff’s petition for the issuance of the writ of *362 sequestration was that plaintiff had a lessor’s privilege on defendants’ soybeans. Defendants contend that the trial court committed manifest error in finding that plaintiff’s seizure of their soybeans was only excessive, rather than entirely wrongful and illegal. They noted that the soybeans had been removed from the leased property some 64 days prior to the date on which plaintiff obtained the writ of sequestration. Thus, they argue that plaintiff had lost his lessor’s privilege by allowing so much time to elapse between the time the soybeans were removed from the leased property and the time at which plaintiff had them seized.
LSA-C.C. Article 2705 provides, in pertinent part:
“Art. 2705. Lessor’s privilege and pledge on movables of lessee, exemptions
Art. 2705. The lessor has, for the payment of his rent, and other obligations of the lease, a right of pledge on the movable effects of the lessee, which are found on the property leased.
In the case of predial estates, this right embraces everything that serves for the labors of the farm, the furniture of the lessee’s house, and the fruits produced during the lease of the land; and in the case of houses and other edifices, it includes the furniture of the lessee, and the merchandise contained in the house or apartment, if it be a store or shop.
LSA-C.C. Article 2709 provides:
‘Art. 2709. Enforcement of privilege against lessee’s effects after removal
Art. 2709. In the exercise of this right, the lessor may seize the objects subject to his privilege before the lessee removes them from the leased premises, or within fifteen days after they have been removed by the lessee without the consent of the lessor, if they continue to be the property of the lessee, and can be identified.
The lessor may enforce his privilege against movables which have been removed from the leased premises by the sheriff or other officer of the court, without the necessity of a further seizure thereof, and as long as these movables remain in custodia legis. (As amended Acts 1960, No. 30, § 1.)”
Gastel Corporation v. Rand Laboratories, Inc., 289 So.2d 880 (La.App. 4 Cir. 1974), had occasion to interpret the provisions of LSA-C.C. Articles 2705 and 2709. Gastel involved an action by a former lessor of an immovable to have a writ of sequestration issued ordering the seizure of its former lessee’s movables found on the immovable property which had been sold by the lessor. Gastel explained the nature of, and the enforcement of, the lessor’s privilege granted by LSA-C.C. Article 2705 on pages 880 and 881:
“The lessor’s right on movables in the leased premises has its origin in Civil Code Article 2705, which in pertinent part reads:
“The lessor has, for the payment of his rent, and other obligations of the lease, a right of pledge on the movable effects of the lessee, which are found on the property leased.” LSA-C.C. Art. 2705.
Pledge is a contract by which one debt- or gives something to his creditor as a security for his debt.1 There are two kinds of pledge, one of which, pawn, occurs when a movable thing is given as security.2 With respect to the pawn of corporeal things, the creditor must be put in possession of the thing given in pledge by actual delivery thereof unless he has possession of it already by some other right.3 As we understand the codal articles, the above quoted Article 2705 permits the substitution of the lessor’s possession as lessor for the actual creditor possession required by C.C. Art. 3152.
*363 We note that Article 2705 gives the right of pledge only to the lessor and then only on the movable effects which are found on the leased property.

“However, because of the possession requirement we have mentioned above, the lessor’s right of pledge applies only to movable effects actually on the leased premises. Article 2709 is an exception to that requirement. Placed in the code for the benefit of the lessor, it gives him the lessor’s privilege on the lessee’s movables for the stated time following their removal from the leased premises if, and only if, they have been removed by the lessee without the consent of the lessor.” (Emphasis ours.)
The evidence shows that all of the soybeans produced on the property leased by defendants from plaintiff had been removed from that property by November 10, 1980. Plaintiff’s petition, containing his request for the issuance of the writ of sequestration, was filed on January 6, 1981, approximately two months after the soybeans had been removed. Thus, plaintiff had lost his lessor’s privilege on the soybeans at the time he had them seized.
It is our opinion that the trial court committed manifest error in finding that plaintiff’s seizure of defendants’ soybeans was merely excessive. Instead, we find that seizure to be wrongful in its entirety.
DAMAGES AND ATTORNEY’S FEES
We have found that plaintiff wrongfully seized defendants’ soybeans and that the trial court committed manifest error in merely reducing the amount seized, rather than granting defendants’ motion to dissolve the writ of sequestration. Trial on the merits of this matter was held on July 29, 1981, at which time the trial court rendered judgment perpetuating the writ[5]. Thus, the record contains no evidence as to any damages and/or attorney’s fees to which defendants may be entitled for the wrongful seizure that continued subsequent to the trial date. Under these facts and circumstances, we have no choice but to remand this case to the trial court for the introduction of additional evidence concerning the issue of the proper amount of damages to which the defendants may be entitled for the wrongful seizure, and for a redetermination of this issue by that court.
For the above and foregoing reasons, the judgment of the trial court perpetuating the writ of sequestration and awarding defendants damages for excessive seizure is reversed and set aside. The case is remanded to the trial court with instructions to allow the introduction of additional evidence pertaining to the issue of damages, including attorney’s fees, to which defendants may be entitled for wrongful seizure and for it to make a redetermination of this issue based on our decision herein.
The trial court is further instructed to order the dissolution of the writ of sequestration.
That portion of the trial court judgment which awarded plaintiff $144,884.20 as rent for the tract of land involved is affirmed.
Costs of this appeal are assessed equally between plaintiff and defendants.
The assessment of costs in the trial court will be made upon the rendition of a final judgment in this matter.
REVERSED IN PART, AFFIRMED IN PART, AND REMANDED WITH INSTRUCTIONS.

. Defendants have raised no issue on appeal concerning that portion of the trial court’s judgment condemning them to pay plaintiff $144,884.20 as rent for the tract of land. Thus, that portion of the trial court’s judgment is final.

.LSA-C.C.P. Article 3506 provides:
“Art. 3506. Dissolution of writ; damages The defendant by contradictory motion may obtain the dissolution of a writ of attachment or of sequestration, unless the plaintiff proves the grounds upon which the writ was issued. If the writ of attachment or of sequestration is dissolved, the action shall then proceed as if no writ had been issued.
The court may allow damages for the wrongful issuance of a writ of attachment or of sequestration on a motion to dissolve, or on a reconventional demand. Attorney’s fees for the services rendered in connection with the dissolution of the writ may be included as an element of damages whether the writ is dissolved on motion or after trial on the merits.”

. Paragraph 2 of plaintiffs original petition describes that tract of land leased by defendants from plaintiff as containing 1,684.7 acres.

. LSA-C.C.P. Article 3571 provides:
“Art. 3571. Grounds for sequestration
*362 When one claims the ownership or right to possession of property, or a mortgage, lien, or privilege thereon, he may have the property seized under a writ of sequestration, if it is within the power of the defendant to conceal, dispose of, or waste the property or the revenues therefrom, or remove the property from the parish, during the pendency of the action.”

. The trial court’s oral reasons for judgment, contained in the note of evidence, indicate that defendants are to be awarded $9,085.70 in damages for wrongful seizure. They also indicate that: “There will be no legal fees awarded to either parties”. However, an entry in the minutes of court dated July 29, 1981, states that judgment was rendered that day on the recon-ventional demand, in favor of defendants and against plaintiff, "... in the sum of $9,085.70, plus an attorney’s fee of $1500.00." (Emphasis ours). The written judgment signed by the trial court on August 14, 1981, simply states that defendants are awarded $10,585.70 on their reconventional demand. The record contains no explanation for the apparent inconsistency between the trial court’s oral reasons for judgment and the minute entry and written judgment signed by the trial court.