CUTRER, Judge.
This appeal concerns the amount of damages and attorney’s fees incurred by a lessee-farmer as a result of the wrongful issuance of a writ of sequestration of his soybeans by the lessor-landowner.
This is the second appeal of this suit to this court.[1] The facts are set forth in the previous appeal but we shall briefly reiterate those facts which are pertinent to this appeal.
*529 George R. Bartmess filed suit to recover land rent owed by Elton J. Bernard, Jr., d/b/a Bernard Enterprises, Inc. Bartmess caused a writ of sequestration to issue for the seizure of 44,340 bushels of soybeans allegedly produced from the leased property and stored in Mid-State Grain Elevator, Inc. The seizure took place January 8, 1981.
Bernard reconvened for a dissolution of the writ and damages including attorney’s fees. Pursuant to a rule filed by Bernard a trial court judgment was rendered on April 8,1981, ordering the release from seizure of all soybeans in excess of 24,000 bushels.
As a result of a later hearing on the merits, the trial court rendered judgment in favor of Bartmess for $144,884.20 for rent due. The court rendered judgment on Bernard’s reconventional demand for $10,505.70 which included attorney’s fees. This judgment also perpetuated the sequestration of the 24,000 bushels of beans. Bernard appealed the judgment insofar as it perpetuated the sequestration of the 24,000 bushels.[2]
On September 15, 1981, Bernard caused the remaining 24,000 bushels of beans to be released by bonding same.
This court, in the first appeal, held that the writ of sequestration had been untimely filed and ordered the seizure dissolved in its entirety. The judgment of the trial court was reversed and the suit was remanded for the purpose of determining damages and attorney’s fees incurred by Bernard.
A hearing was held by the trial court according to the remand and the trial court rendered judgment in favor of Bernard for the sum of $51,423.40 less a credit for $10,-585.70 previously paid. Bartmess appealed asking for dismissal of the suit. Bernard answered the appeal seeking an increase.
Bartmess appealed making no specific assignments of error. The brief filed on his behalf contains the argument that Bernard failed “to prove the amount of soybeans produced from the Bartmess acreage and accordingly failed to prove the amount of soybeans subject to the seizure.” He also argues that Bernard did not take any steps to get released those beans grown on lands other than the land leased from Bartmess.
The argument presented by Bartmess has no merit. Bernard had 44,340 bushels of beans' stored in the Mid-State elevator when the seizure was effectuated. The seizure was considered as affecting this entire amount. Bernard answered and filed a re-conventional demand, pointing out, among other things, that a portion of the seized beans was produced from lands other than that owned by Bartmess. Also, Bernard filed a rule on March 24, 1981, seeking a reduction of the seizure. One of the grounds for reduction was that the seizure included beans produced by lands other than the Bartmess property. As a result of a hearing on the rule, 20,340 bushels were released from the seizure by the trial court.
In summary, Bartmess had under seizure 44,340 bushels of beans owned by Bernard from January 8, 1981, until April 8, 1981. Following the reduction, 24,000 bushels were under seizure from April 8,1981, until September 15,1981. The writ of sequestration and seizure was held to have been wrongfully issued on the first appeal to this court. This court held that Bernard was entitled to damages and attorney’s fees as a result of the seizure in its entirety. The suit was remanded for the limited purpose of determining damages including attorney’s fees.
The argument set forth in Bartmess’ brief has no merit and cannot impede the award of damages and attorney’s fees.
In his oral reasons for judgment the trial judge calculated the damages as follows:
Loss on the 20,340 bushels sold on April 15, 1981, $.31 per bushel total loss which included a $.13 drop in price from the date of seizure and date of sale plus a loss of $.18 per bushel charged for storage charges from January 13th to April 13th. Total loss on 20,340 bushels $6,303.40.
Loss on the 24,000 bushels sold on September 15, 1981, $1.88 per bushel which included a $1.34 price drop from the date *530 of seizure plus $.54 per bushel for storage charges from January 15 to September 15, 1981. Total loss on 24,000 bushels $45,120.00. Total loss emanating from the seizure $51,423.40.
Paul Mall, owner and operator of Mid-State Elevator, Inc., testified that the base price for beans on January 13, 1981, was $8.05 per bushel. This figure is arrived at by deducting $.45, handling and grading expense, from the gross price of $8.50 per bushel.
Counsel for Bernard, in seeking an increase in the award, contends that the trial court erred by not using the January 13th price of $8.05 in computing the amount of the losses, both as to the April 15th and September 15th sales. According to our calculations, the trial judge used a base price of approximately $7.65 in calculating expenses.
We disagree with Bernards’ contention. Counsel fails to take into consideration deductions for storage and moisture protection charges. Also, based upon Bernard’s testimony, it was not certain that he would have sold at the $8.05 base price. The award will not be increased on this ground.
We have thoroughly reviewed the record and the testimony concerning prices, deductions and charges and we conclude that the trial judge did not abuse his wide discretion in assessing damages.
Bernard contends that the delay in the sale of his beans caused him to have to pay additional interest on an outstanding loan that he had previously made. Bernard, on cross examination, admitted that he would not have been able to pay his indebtedness had he been able to sell his beans on January 13, 1981. Thus, he would still have interest to pay on his outstanding loan. The trial court correctly ruled that Bernard did not prove this element of damages.
Bernard also contends he should have been awarded damages for humiliation and embarrassment. The trial court found that Bernard had not proven such damages. Upon examination of the record, we conclude that the trial court was not clearly wrong.
Bernard contends that the $1,500.00 previously awarded as attorney’s fees should be increased. We agree. The $1,500.00 attorney’s fees were awarded by judgment rendered as a result of a first hearing on the merits. Since that time an appeal was taken to this court which resulted in the remand. Another hearing was held to ascertain damages. Following judgment, this appeal ensued. As we consider the proceedings involved, we conclude that an additional award of $2,000.00 for attorney’s fees should be made. The trial court judgment will be amended accordingly.
For these reasons, the judgment of the trial court is hereby amended by awarding to Bernard an additional $2,000.00 as attorney’s fees. In all other respects, the judgment of the trial court is affirmed. Costs of this appeal shall be paid by George L. Bartmess-appellant.
AMENDED AND AFFIRMED.

. Bartmess v. Bernard Enterprises, Inc., 413 So.2d 359 (La.App. 3rd Cir.1982).

. The judgment in favor of Bartmess for $144,-884.20 was not appealed, thus it became final.